**MCCARTNEY DALLMANN LLP**
Andrew S. Dallmann (State Bar No. 206771)
23187 La Cadena Dr.
Suite 102
Laguna Hills, California 92653
Telephone: (951) 678-2267
E-mail: andrew@mdllplaw.com

**KEY IP LAW GROUP, PLLC**
Cecil E. Key (to be admitted pro hac vice)
1934 Old Gallows Road, Suite 250
Vienna, Virginia 22182
Telephone: (703) 752-6276
Email: cecil@keyiplaw.com

Attorneys for Plaintiff
LA CANADA VENTURES, INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| LA CANADA VENTURES, INC., | Case No.: _____ |
|---|---|
| Plaintiff, | **COMPLAINT** |
| vs. | |
| MDALGORITHMS, INC., | |
| Defendant. | |

Plaintiff La Canada Ventures, Inc. ("La Canada"), by and through its counsel of record below, hereby brings this action against Defendant MDalgorithms, Inc. ("MDalgorithms") and hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for infringement of La Canada's registered trademarks and unfair competition under federal and state law, a declaration and order that

trademark registrations wrongfully issued to MDalgorithms be cancelled, and a declaration that La Canada has committed no tortious acts against MDalgorithms.

## THE PARTIES

2. La Canada is a California corporation having a principal place of business at 448 N. San Mateo Drive, San Mateo, California 94401.

3. Upon information and belief, MDalgorithms is a Delaware corporation with headquarters at 22 Shlomzion Hamalka Street, Herzlya, Israel 4662 and a regular and established place of business in San Francisco, California.

## JURISDICTION AND VENUE

4. The Court has original jurisdiction over this action pursuant to 15 U.S.C. § 1131 and 28 U.S.C. §§ 1331 and 1338, supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, and original jurisdiction over the declaratory judgment claims pursuant to 28 U.S.C. § 2201, *et seq*.

5. This Court has personal jurisdiction over MDalgorithms because it regularly conducts business in this district, the causes of action arise out of business conducted in this district and, upon information and belief, has a regular and established place of business in this district.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because MDalgorithms is a corporation that is subject to personal jurisdiction in this district and because a substantial portion of the acts giving rise to the causes of action asserted herein arose from acts and occurrences within this district.

## LA CANADA AND ITS MARKS

7. La Canada offers high quality health and beauty products and has done so since at least as early as 2006. La Canada offers its products through retail outlets and online though its website and through third party platforms, such as Amazon. La Canada's products are sold throughout the United States and also internationally.

8. La Canada offers its products under its established MD brand which consists of a family of marks consisting of the standalone term "MD" (the "MD Mark") and composite marks based on the root MD in combination with other terms (the "MD Formative Marks").

9. The MD Mark is registered to La Canada with the U.S. Patent and Trademark Office ("USPTO") as U.S. Reg. 4,471,494 for "cosmetics; hair shampoos and conditioners; non-medicated acne treatment preparations; non-medicated toiletries" in Class 3 and "acne treatment preparations; nutraceuticals for the treatment of hair loss; nutraceuticals for use as a dietary supplement" in Class 5 based on a first use of at least as early as January 1, 2012. As a result of its long-term use, the MD Mark has achieved incontestable status pursuant to 15 U.S.C. § 1065.

10. Multiple MD Formative Marks are also registered to La Canada with the U.S. Patent and Trademark Office, including: MD 101, U.S. Reg. 3,459,245; MD LASH FACTOR, U.S. Reg. 3,432,209; MD INTIMATE RESTORE, U.S. Reg. 4,603,019; MD BY SUSAN F. LIN M.D., U.S. Reg. 5,860,508; MD INTIMATE FRESH, U.S. Reg. 6,027,099; MD WELLNESS BY SUSAN LIN M.D., U.S. Reg. 6,251,811; and MD FACTOR, U.S. Reg. 6,309,386. The MD Formative Marks have been used since at least as early as August 1, 2007 and, like the registered MD Mark, two MD Formative Marks have achieved incontestable status.

11. La Canada has also adopted and used other MD Formative Marks that consist of the MD Mark combined with another term or terms pertaining to the particular application of the product, including MD® Skin, MD® Nutri Hair and MD® Wellness. La Canada has offered its products in commerce using these additional MD Formative Marks since at least as early as 2006 (MD® Skin), 2009 (MD® Nutri Hair) and 2018 (MD® Wellness), respectively.

12. As a result of this long term and continuous use, MD has come to be associated with La Canada in the minds of consumers as a source of high quality health

1  and beauty products.

2  13.  La Canada has developed substantial and valuable good will in its MD
3  and MD Formative Marks.

4  **MDALGORITHMS AND ITS INFRINGING ACTIVITY**

5  14.  Approximately three and a half years after La Canada began using an MD
6  Formative Mark, MDalgorithms began offering a treatment system that purportedly
7  includes computer software and app technology to diagnose and prescribe a treatment
8  for MDalgorithms' clients.

9  15.  Consistent with that use, MDalgorithms registered "MDAcne" with the
10 USPTO as U.S. Reg. 4,946,004 for "computer software and downloadable computer
11 software for education and advice in the field of the care and treatment of skin
12 disorders, namely, acne" in Class 9, and "providing a website featuring information
13 and advice in the field of the diagnosis and treatment of acne" in Class 41.  The
14 "MDAcne" application was filed more than 8½ years after La Canada adopted and
15 began using its MD Formative Marks and claims a date of first use of May 16, 2010,
16 at least 3-4 years after La Canada adopted and began using its MD Formative Marks.

17 16.  MDalgorithms also registered as U.S. Reg. 5,519,511 "MDacne" for
18 "medicated skin treatment and cleansing creams" in Class 5 based on first use
19 beginning December 1, 2017, almost 6 years after La Canada adopted and began using
20 its MD Mark.  Consistent with its other registrations at that point, the specimen that
21 MDalgorithms submitted to obtain registration showed that MDalgorithms was
22 offering a product that was purportedly customized for each individual client.

23 17.  Similarly, MDalgorithms registered "MDHair" as U.S. Reg. 6,617,014 for
24 "providing temporary use of on-line non-downloadable computer software for
25 education and advice in the field of the care and treatment of skin and hair" in Class 42
26 based on a claimed first use of September 13, 2010, which was after La Canada adopted
27 and began using MD® Nutri Hair.  The USPTO found "MDHair" to be descriptive and

28

1  only allowed registration on the Supplemental Register.

2  18.  MDalgorithms then filed an intent-to-use application to register "MDSkin" for "downloadable mobile software for use in analyzing a users skin and preparing a personalized treatment plan" in Class 9.  In its June 24, 2021 response dated to the USPTO's refusal of the application, MDalgorithms cited La Canada's registered MD Mark.

3  19.  According to MDalgorithms, the consuming public has come to recognize MDalgorithms as a source of the computerized analysis system offered under the "MDacne" and "MDHair" marks.

4  20.  Recently, MDalgorithms has expanded beyond the software-based systems for which it claims it has consumer recognition.  MDalgorithms registered the mark "MDacne," which it originally registered and used in connection with its computer-based diagnosis products, for "non-medicated skincare preparations" in Class 3.  MDalgorithms first used the mark in connection with health and beauty products on November 21, 2021 with full knowledge of La Canada's existing use (as shown, *e.g.,* by its knowledge of La Canada's MD Mark registration) and, as shown in the MD Mark registration, almost 11 years after La Canada first used its mark for similar goods.  The specimen submitted by MDalgorithms contains no indication that the product is in any way customized for individual customers.

5  21.  MDalgorithms' purported marks incorporate La Canada's registered MD Mark in its entirety. Moreover, MDalgorithms' purported marks use the same structure as La Canada' MD Formative Marks, namely, the term "MD" followed by another word or phrase.

6  22.  MDalgorithms has admitted that "MD" is commonly understood to mean "Doctor of Medicine."  A basic function of a Doctor of Medicine is to diagnose and suggest a treatment.  "MD" as used in the context of MDalgorithms customized products based on an individualized analysis and treatment is therefore merely

descriptive.

23. MDalgorithms combines the descriptive MD component with another term that describes the condition to be treated, *e.g.*, acne or hair, in a manner that renders the mark as a whole descriptive when used in the context of health and beauty products. Because La Canada was first to use its MD Formative Marks, MDalgorithms' descriptive marks could not have acquired secondary meaning prior to La Canada's adoption and use of its marks.

24. The MDalgorithms' marks are similar in sight, sound and commercial connotation to La Canada's MD Formative Marks and are being offered in connection with products that directly compete with those offered by La Canada.

25. Shortly after MDalgorithms began using its MD-based marks for products that directly compete with those offered by La Canada, La Canada began receiving complaints about products, *e.g.*, "MD Hair," offered by MDalgorithms.

26. MDalgorithms' actions have therefore created actual consumer confusion which, unless enjoined, is likely to continue and which will harm La Canada, including diverting sales and eroding the valuable goodwill La Canada has developed in its MD brand.

**MDALGORITHMS' WILLFUL DISREGARD OF ACTUAL CONFUSION**

27. Promptly after receiving the initial indications of actual confusion from MDalgorithms' customers, La Canada sent a letter to MDalgorithms in which the actual confusion was brought to MDalgorithms' attention and in which La Canada requested that MDalgorithms cease its infringing activity. MDalgorithms responded to La Canada's letter but refused to cease use of the infringing marks.

28. La Canada continued to experience actual confusion. It therefore reported the infringement to Amazon.com and Apple pursuant to their respective policies because MDalgorithms was selling infringing products through Amazon and its app distributed through the Apple App Store.

29. In a subsequent letter, MDalgorithms responded with assertions that La Canada's reporting of the confusion caused by MDalgorithms' marks was false because MDalgorithms' product purportedly incorporates a treatment system, while La Canada offers ordinary retail cosmetics.

30. The MDalgorithms' products, however, were also being sold as ordinary retail cosmetics without indication of an associated "treatment system." MDalgorithms nevertheless asserted that La Canada' actions were unlawful.

31. MDalgorithms then listed a series of demands for which it demanded compliance within days after the letter was received and stated that unless La Canada acquiesced to the demands, despite the actual confusion, MDalgorithms would sue La Canada for various tortious acts, including defamation, false light, tortious interference, and unfair business practices, and seek monetary and injunctive relief.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT

32. La Canada hereby restates and incorporates the factual allegations in Paragraphs 1-31 above as if set forth fully herein.

33. La Canada is the owner of the mark MD and multiple MD Formative Marks which it has used in commerce continuously since at least as early as 2006.

34. La Canada's marks are the subject of multiple federal registrations, including U.S. Reg. 4,471,494, U.S. Reg. 3,459,245, U.S. Reg. 3,432,209, U.S. Reg. 4,603,019, U.S. Reg. 5,860,508, U.S. Reg. 6,027,099, U.S. Reg. 6,251,811, and U.S. Reg. 6,309,386. The La Canada registrations are valid and subsisting.

35. At least four of La Canada's federal registrations, including U.S. Reg. 4,471,494, are incontestable pursuant to 15 U.S.C. § 1065, which is conclusive evidence under 15 U.S.C. § 1115 of the validity of La Canada's marks covered by the incontestable registrations, including the MD Mark, La Canada's ownership of the marks, and La Canada's exclusive rights to use the registered marks for the goods and services that are the subject of the registrations.

36. La Canada has priority over MDalgorithms to use MD as the sole or substantial portion of a mark for health and beauty products.

37. La Canada has developed substantial goodwill and consumer recognition in its MD brand, including the MD Mark and the MD Formative Marks, based on its long-term and continuous use over almost 16 years.

38. MDalgorithms has adopted and is using MD marks, including "MD Acne" and "MD Hair" in commerce regarding the sale of health and beauty products in direct competition with La Canada. MDalgorithms' marks are confusingly similar to those of La Canada in sight, sound and commercial connotation.

39. MDalgorithms offers, sells and distributes health and beauty products under the infringing MD marks to the same or substantially similar class of consumers through the same or substantially similar channels of trade as La Canada.

40. MDalgorithms' adoption and use of MD marks has caused actual confusion and, unless enjoined, is likely to cause continued confusion among customers and potential customers as to the source and quality of goods offered by La Canada.

41. MDalgorithms' actions therefore constitute infringement of La Canada's rights in its registered MD Mark and/or MD Formative Marks pursuant to 15 U.S.C. §§ 1114, 1125(a).

42. MDalgorithms' actions have eroded and threaten to further erode the substantial goodwill La Canada has developed in its MD brand.

43. La Canada has therefore been harmed by MDalgorithms' use of its infringing marks and, unless such use is enjoined, will continue to be harmed.

44. MDalgorithms' actions have been willful and in disregard of La Canada's rights of which MDalgorithms is and was aware.

45. La Canada is therefore entitled to an award of damages as well as fees and costs to the fullest extent allowed under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and

entry of an order enjoining further infringing acts by MDalgorithms.

## **COUNT II – UNFAIR COMPETITION**

46. La Canada hereby restates and incorporates the factual allegations in Paragraphs 1-45 above as if set forth fully herein.

47. La Canada is the owner of the mark MD and multiple MD Formative Marks which it has used in commerce continuously since at least as early as 2006.

48. La Canada has priority over MDalgorithms to use MD as the sole or substantial portion of a mark for health and beauty products.

49. La Canada has developed substantial goodwill and consumer recognition in its MD brand, including the MD Mark and the MD Formative Marks, based on its long-term and continuous use over almost 16 years.

50. MDalgorithms has adopted and is using MD marks, including "MD Acne" and "MD Hair" to advertise and sell to consumers health and beauty products in direct competition with La Canada. MDalgorithms' marks are confusingly similar to those of La Canada in sight, sound and commercial connotation.

51. MDalgorithms offers, sells and distributes health and beauty products under the infringing MD marks to the same or substantially similar class of consumers through the same or substantially similar channels of trade as La Canada.

52. MDalgorithms' adoption and use of MD marks has caused actual confusion and, unless enjoined, is likely to cause continued confusion among customers and potential customers as to the source and quality of goods offered by La Canada.

53. MDalgorithms' actions therefore constitute unfair and deceptive business practices prohibited by California Business & Professions Code § 17200 and at common law.

54. MDalgorithms' actions have eroded and threaten to further erode the substantial goodwill La Canada has developed in its MD brand.

55. La Canada has therefore been harmed by MDalgorithms' use of its infringing marks and, unless such use is enjoined, will continue to be harmed.

56. MDalgorithms' actions have been willful and in disregard of La Canada's rights of which MDalgorithms is and was aware.

57. La Canada is therefore entitled to an award of damages as well as fees and costs to the fullest extent allowed and entry of an order enjoining further acts of infringement or other unfair competition by MDalgorithms.

## COUNT III – CANCELLATION OF REGISTRATION

58. La Canada hereby restates and incorporates the factual allegations in Paragraphs 1-57 above as if set forth fully herein.

59. La Canada is the owner of the mark MD and multiple MD Formative Marks which it has used in commerce continuously since at least as early as 2006.

60. La Canada's marks are the subject of multiple federal registrations, including U.S. Reg. 4,471,494, U.S. Reg. 3,459,245, U.S. Reg. 3,432,209, U.S. Reg. 4,603,019, U.S. Reg. 5,860,508, U.S. Reg. 6,027,099, U.S. Reg. 6,251,811, and U.S. Reg. 6,309,386.  The La Canada registrations are valid and subsisting.

61. At least four of La Canada's federal registrations, including U.S. Reg. 4,471,494, are incontestable pursuant to 15 U.S.C. § 1065, which is conclusive evidence under 15 U.S.C. § 1115 of the validity of La Canada's marks covered by the incontestable registrations, including the MD Mark, La Canada's ownership of the marks, and La Canada's exclusive rights to use the registered marks for the goods and services that are the subject of the registrations.

62. La Canada has priority over MDalgorithms to use MD as the sole or substantial portion of a mark for health and beauty products.

63. La Canada has developed substantial goodwill and consumer recognition in its MD brand, including the MD Mark and the MD Formative Marks, based on its long-term and continuous use over almost 17 years.

64. U.S. Reg. 6,668,393 for the mark "MDacne" issued to MDalgorithms on March 8, 2022. MDalgorithms is using "MDacne" in commerce regarding the sale of health and beauty products in direct competition with La Canada.

65. MDalgorithms offers, sells and distributes health and beauty products under the infringing MD marks to the same or substantially similar class of consumers through the same or substantially similar channels of trade as La Canada.

66. MDalgorithms' adoption and use of "MDacne" has caused actual confusion and is likely to cause continued confusion among customers and potential customers as to the source and quality of goods offered by La Canada.

67. MDalgorithms' actions therefore constitute infringement of La Canada's rights in its registered MD Mark and/or MD Formative Marks.

68. Unless the "MDacne" registration is cancelled, MDalgorithms will have a presumptive right to continue to use the mark in commerce, which will result if further consumer confusion.

69. La Canada therefore requests an order that the USPTO cancel MDalgorithms' U.S. Reg. 6,668,393 for the mark "MDacne" pursuant to 15 U.S.C. §§ 1064 and 1119.

## COUNT IV – DECLARATION THAT LA CANADA'S CONDUCT IS LAWFUL

70. La Canada hereby restates and incorporates the factual allegations in Paragraphs 1-69 above as if set forth fully herein.

71. There is a real and immediate justiciable controversy between La Canada and MDalgorithms regarding rights to use and enforce marks consisting of MD as a sole or substantial component for health and beauty products.

72. Actual confusion has occurred as a result of MDalgorithms' adoption and use of MD marks in connection with health and beauty products. La Canada reported this actual confusion to online platforms, including Amazon and Apple, pursuant to the

processes and procedures provided by those platforms.

73. MDalgorithms has expressly accused La Canada of acting illegally in reporting the actual confusion and expressly threatened to bring suit in which it will allege various theories of improper business conduct and seek damages and an injunction.

74. La Canada's actions were legitimate acts as an owner of numerous registrations of MD marks for use in connection with health and beauty products, which La Canada began offering under the marks years prior to MDalgorithms.

75. La Canada is therefore entitled to a declaration pursuant to 28 U.S.C. § 2201 *et seq*. that it has not acted in any unfair or unlawful manner.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff La Canada Ventures, Inc. respectfully requests that the Court enter judgment in its favor and against defendant MDalgorithms, Inc. as follows:

A. Adjudging that MDalgorighms, Inc.'s use of "MD" as a portion of a mark for health and beauty products infringes La Canada Ventures, Inc.'s rights in its family of MD Formative Marks, including the registered MD Mark;

B. Preliminarily and permanently enjoining MDalgorithms, Inc. from using "MD" or any colorable imitation thereof in a manner that is confusingly similar to La Canada Ventures, Inc.'s MD marks;

C. Awarding monetary damages in an amount to be proven at trial;

D. Adjudging and declaring MDalgorithms, Inc.'s infringement to be willful;

E. Enhancing the monetary damages award up to three times pursuant to 15 U.S.C. § 1117(a)-(b);

F. Awarding La Canada Ventures, Inc. its attorney's fees and costs;

G. Entering and order that MDalgorithms, Inc.'s U.S. Reg. 6,668,393 is to be cancelled by the U.S. Patent and Trademark Office;

1  H. Adjudging and declaring that La Canada Ventures, Inc.'s actions have been
2  lawful and have not violated any right of MDalgorithms, Inc.; and
3  I. Awarding such other and further relief as the Court deems proper.

## JURY TRIAL DEMANDED

Plaintiff La Canada Ventures, Inc. hereby requests a trial by jury for all issues so triable.

DATED:  November 16, 2022          Respectfully Submitted,

By: */s/ Andrew S. Dallmann*

Andrew S. Dallmann
MCCARTNEY DALLMANN LLP

Attorneys for Defendant
LA CANADA VENTURES, INC.