1   **MCCARTNEY DALLMANN LLP**
    Andrew S. Dallmann (State Bar No. 206771)
2   23187 La Cadena Dr.
    Suite 102
3   Laguna Hills, California 92653
    Telephone: (951) 678-2267
4   E-mail: andrew@mdllplaw.com

5   **KEY IP LAW GROUP, PLLC**
    Cecil E. Key (admitted pro hac vice)
6   1934 Old Gallows Road, Suite 250
    Vienna, Virginia 22182
7   Telephone: (703) 752-6276
    Email: cecil@keyiplaw.com
8
    Attorneys for Plaintiff
9   LA CANADA VENTURES, INC.

10  **SIDEMAN & BANCROFT LLP**
    Ian K. Boyd (State Bar No. 191434)
11  E-mail: iboyd@sideman.com
    Alexander J. Bukac (State Bar No. 305491)
12  Email: abukac@sideman.com
    One Embarcadero Center, Twenty-Second Floor
13  San Francisco, California 94111-3711
    Telephon: (415) 392-1960
14  Facsimile: (415) 392-0827

15  Attorneys for Defendant
    MDALGORITHMS, INC.
16

17

18
                    **UNITED STATES DISTRICT COURT**
19
                    **NORTHERN DISTRICT OF CALIFORNIA**
20
                          **SAN FRANCISCO DIVISION**
21

22
| LA CANADA VENTURES, INC., | Case No.: 3:22-cv-07197-RS |
|---|---|
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| vs. | |
| MDALGORITHMS, INC., | Honorable Richard Seeborg |
| Defendant. | |

28

12157-1\7027891v1

The parties to the above-entitled action (the "Parties") jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the [Standing Order for All Judges of the Northern District of California](#) and [Civil Local Rule 16-9](#).

## 1. JURISDICTION & SERVICE

This is a case involving assertions of trademark infringement under the Lanham Act, a related claim for declaratory judgment under the federal Declaratory Judgment Act, and related state and common law claims. The Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1131, 28 U.S.C. §§ 1331, 1338 and 1367, and 28 U.S.C. § 2201 *et seq*. All Parties have appeared and none of the Parties to this Joint Statement (as set forth above) have contested jurisdiction.

## 2. FACTS

**Plaintiff's Statement**.

Plaintiff sells non-medicated cosmetic and nutraceutical products, including those for treatment of acne and hair. Plaintiff markets these products under a family of marks consisting of the term MD, which Plaintiff uses in both standalone form and as part of a series of composite marks comprised of the root MD in combination with other terms ("Plaintiff's MD Formative Marks"). Plaintiff's use of its MD Formative Marks dates back to at least 2006. A number of the MD Formative Marks, including the MD® mark, are registered with the U.S. Patent and Trademark Office and have been for a number of years. At least three of Plaintiff's MD Formative Marks, including the MD® mark, have achieved incontestable status, meaning there is a presumption as to Plaintiff's ownership and the validity of the marks.

Defendant also uses composite marks that consist of the term MD combined with another term (*e.g.*, MDacne, MDhair, MDalgorithms) ("Defendant's MD Formative Marks"). The earliest use of Defendant's MD Formative Marks is several years after the first use of Plaintiff's MD Formative Marks. Initially, Defendant used its MD

Formative Marks for a computer software-based diagnostic system that allowed for remote diagnosis and prescription of treatment for conditions, such as those related to acne and hair. When Defendant did offer products, not just diagnostic services, they were purportedly prescribed formulations that were individualized for the specific client. More recently, Defendant has begun offering non-bespoke, generic formulation products under Defendant's MD Formative Marks.

Plaintiff then began experiencing actual confusion in the nature of purchasers of Defendant's products labeled with at least two of Defendant's MD Formative Marks contacting Plaintiff about issues and complaints with Defendant's products. Plaintiff sent a demand that Defendant cease its infringing use in light of the actual confusion, but Defendant refused to relent. Instead, Defendant threatened to bring an action against Plaintiff because Plaintiff reported the actual confusion to online platforms, including Amazon and Apple, when Defendant refused to address the actual confusion Plaintiff and the consuming public was experiencing. Plaintiff then filed the instant complaint but nevertheless held off on serving the complaint as Plaintiff continued attempts to discuss resolving the actual confusion issues.

Defendant has now asserted that Plaintiff's MD Formative Marks are not valid or enforceable because the term "MD" is purportedly widely used for products such as those sold by Plaintiff and Defendant. Plaintiff, however, has only experienced actual confusion as to Defendant's products sold under Defendant's MD Formative Marks.

**Defendant's Statement**.

Defendant, like Plaintiff and numerous third parties, utilizes marks containing the term "MD" to offer certain personal care products and services, here namely haircare and skincare products and services. Defendant began offering such products and services approximately seven years ago and was founded in part by an M.D. who is a world-renowned dermatologist and specialist in aesthetic medicine.

For the past seven years, Defendant has not experienced any actual confusion

with a third party, including but not limited to Plaintiff. In Defendant's experience, consumers do not associate the term "MD" with a single source of goods and services. The United States Patent and Trademark Office previously advised Plaintiff, when rejecting Plaintiff's attempt to register one of its Plaintiff's MD Formative Marks, that:

> [T]he wording 'MD' is commonly used in the cosmetic preparations and supplement industries to notify the consumer that the goods are created by and/or recommended by medical doctors. Thus, the wording 'MD' in the applied-for mark merely describes a characteristic of feature of the goods

Consistent with the above, there are numerous third parties offering similar products and services with marks utilizing the term "MD". Consumers also tend to exercise a heightened degree of care when selecting personal care products. While Plaintiff does currently hold one "incontestable" registration for the descriptive term "MD", discovery is required to confirm the validity of such registration.

Although Plaintiff asserts that it has experienced actual confusion as to Defendants' products and services, Defendant denies that such actual confusion has occurred based on all information currently available to it. Defendant seeks a judgment in its favor to confirm that it has the right to continue to use the common descriptive term MD in its marks to notify its potential customers about the attributes of its products, services and company, just as many of its competitors currently do.

## 3. LEGAL ISSUES

The legal issues at issue in this case involve: trademark infringement pursuant to 15 U.S.C. §§ 1114 and 1125(a); cancellation of Defendant's registered mark pursuant to 15 U.S.C. §§ 1064 and 1119; unfair competition pursuant to California Business & Professions Code § 17200; a declaration that actions taken by Plaintiff to address actual confusion are lawful pursuant to 28 U.S.C. § 2201 *et seq*; an award of damages, including enhancement of those damages pursuant to 15 U.S.C. § 1117; and

related issues concerning validity and enforceability of the Parties' respective marks.

## 4. MOTIONS

No motions are currently pending and none are currently contemplated apart from a motion for entry of a protective order and those that may arise during the course of discovery and potential dispositive motions.

## 5. AMENDMENT OF PLEADINGS

No amendment of pleadings is currently contemplated based on the evidence currently available to the Parties. The deadline for amendment of pleadings proposed by the Parties is included in the proposed schedule. *See* Para. 17 below.

## 6. EVIDENCE PRESERVATION

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The Parties have agreed to further discuss the need for an order governing ESI discovery once they commence discovery.

## 7. DISCLOSURES

The Parties agree to exchange initial disclosures pursuant to Fed. R. Civ. P. 26 by April 13, 2023.

## 8. DISCOVERY

No discovery has yet been taken. Anticipated discovery includes written discovery (interrogatories, document requests and requests for admission) and depositions of percipient witnesses. The discovery is expected to be directed to the Parties' respective use of their marks and brands, consumer perception of the source of the Parties' respective products, and revenues obtained as a result of the sale of those products using the marks at issue. The Parties anticipate that discovery will include the following topics (although this list is preliminary and more topics may be identified

as the case progresses): the meaning of the term "MD"; the Parties' and third-parties' applications to register terms containing the term "MD" with the United States Patent and Trademark Office; goods and services offered by the Parties and third parties in connection with a mark containing the term "MD"; the Parties selection and adoption of marks containing the term "MD"; consumers' degree of care in purchasing the products at issue offered by the Parties; the Parties' advertising, marketing and promotion of their products and services in connection with a mark containing the term "MD"; the channels of trade for the products and services offered by the Parties in connection with a mark containing the term "MD"; Plaintiff's efforts to police its claimed rights in a mark containing the term "MD"; and consumers' association of a mark containing the term "MD" with Plaintiff, Defendant, and/or third parties. The Parties do not request any changes to the standard discovery limits at this time and deadlines related to discovery are set forth in the proposed schedule. *See* Para. 17 below.

The Parties anticipate that a protective order may be necessary to govern the production and treatment of certain confidential information. The Parties will meet and confer regarding a stipulated protective order, using the Court's Model Protective Orders as a guide. The Parties will further meet and confer regarding an agreement to govern disputes regarding claims of privilege or protection of trial preparation materials pursuant to Fed. R. Evid. 502, either as a separate agreement or as part of the protective order.

9. **CLASS ACTIONS**

Not applicable.

10. **RELATED CASES**

Not applicable.

11. **RELIEF**

Plaintiff seeks the following relief: (a) an injunction prohibiting Defendant from

using Defendant's MD Formative Marks in a way that is likely to cause confusion as to the source of the Parties' respective goods and services; (b) damages as a result of the confusion Defendant's actions have caused; (c) enhancement of the damages award up to three times; (d) an award to Plaintiff of its attorney's fees and costs; (e) cancellation of Defendant's registration of MDAcne for nonmedicated skin care preparations; and (f) a declaration that Plaintiff's actions in seeking to avoid confusion were lawful and did not violate any right of Defendant.

## 12. SETTLEMENT AND ADR

The Parties propose Court-sponsored mediation.

## 13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.* ____ YES   __x__ NO

## 14. OTHER REFERENCES

The Parties do not believe that this case is suitable for reference to binding arbitration or a special master at this time.

## 15. NARROWING OF ISSUES

The Parties have discussed cooperating regarding potential issues that may arise during the case, such as the need to take or obtain discovery from persons residing outside the U.S.  The Parties will continue to discuss such issues as they arise, but otherwise reserve their positions regarding any agreements or steps that may narrow the issues to be tried.

## 16. EXPEDITED TRIAL PROCEDURE

The Parties do not believe that this case is appropriate for the Expedited Trial Procedure pursuant to General Order 64.

## 17. SCHEDULING

| Event | Proposed Deadline |
|---|---|
| Deadline to add parties or amend pleadings | July 28, 2023 |

| Event | Proposed Deadline |
|---|---|
| Mediation Deadline | August 11, 2023 |
| Fact discovery cut-off | January 19, 2024 |
| Expert disclosures (for party with burden of proof) | February 16, 2024 |
| Expert rebuttal disclosures | March 15, 2024 |
| Expert discovery cut-off | April 19, 2024 |
| Dispositive motion hearing deadline | July 19, 2024 |
| Pretrial conference statement due | Request 2 weeks before Pretrial conference |
| Pretrial conference | Request 3 weeks before Trial |
| Trial | Request December 2024 |
| Estimate of trial | 5-7 days |

18. **TRIAL**

The case will be tried to a jury. The Parties currently anticipate that 5-7 days will be needed for trial. *See* Para. 17 above.

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Each Party has filed its Certification of Interested Entities or Persons pursuant to Civil Local rule 3-15. As stated in these Certifications, other than the Parties to the case, the Parties are not aware of any persons, firms, partnerships, corporations (including parent corporations) or other entities who have either: (i) a financial interest in the subject matter in controversy or in a Party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. **PROFESSIONAL CONDUCT**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. **OTHER**

Not applicable at this time.

DATED: April 13, 2023                                    Respectfully Submitted,


By: */s/ Cecil E. Key*                                         By: */s/ Ian K. Boyd*
Andrew S. Dallmann                                       Ian K. Boyd
MCCARTNEY DALLMANN LLP                        SIDEMAN & BANCROFT LLP

Cecil E. Key                                                      Attorneys for Defendant
KEY IP LAW GROUP, PLLC                              MDALGORITHMS, INC.

Attorneys for Plaintiff
LA CANADA VENTURES, INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| LA CANADA VENTURES, INC., <br><br> Plaintiff, <br> vs. <br> MDALGORITHMS, INC., <br><br> Defendant. | Case No.:   3:22-cv-07197-RS <br><br> **CASE MANAGEMENT ORDER [PROPOSED]** <br><br> Honorable Richard Seeborg |

The Joint Case Management Statement submitted by the Parties is approved as the Case Management Order for this case.

[In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Date: _____                    _____
                                         UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2023, I electronically transmitted the foregoing document using the CM/ECF system for filing, which will transmit the document electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies have been served on those indicated as non-registered participants.

                                              */s/ Cecil E. Key*
                                              Cecil E. Key