1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MCCARTNEY DALLMANN LLP**
Andrew S. Dallmann (State Bar No. 206771)
23187 La Cadena Dr.
Suite 102
Laguna Hills, California 92653
Telephone: (951) 678-2267
E-mail:  andrew@mdllplaw.com

**KEY IP LAW GROUP, PLLC**
Cecil E. Key (admitted pro hac vice)
1934 Old Gallows Road, Suite 250
Vienna, Virginia 22182
Telephone: (703) 752-6276
Email:  cecil@keyiplaw.com

Attorneys for Plaintiff
LA CANADA VENTURES, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA CANADA VENTURES, INC., <br><br> Plaintiff, <br> vs. <br><br> MDALGORITHMS, INC., <br><br> Defendant. | Case No.:  3:22-cv-07197-RS <br><br> **SECOND AMENDED COMPLAINT** <br><br> Judge: Hon. Richard Seeborg |

Pursuant to the order granting the parties' August 18, 2023 Stipulation Re Second Amended Complaint (Dkt. 30), Plaintiff La Canada Ventures, Inc. ("La Canada"), by and through its counsel of record below, hereby submits its Second Amended Complaint against Defendant MDalgorithms, Inc. ("MDalgorithms") and hereby alleges as follows:

### NATURE OF THE ACTION

1.     This is an action for infringement of La Canada's registered trademarks

and unfair competition under federal and state law, a declaration and order that trademark registrations wrongfully issued to MDalgorithms be cancelled, and a declaration that La Canada has committed no tortious acts against MDalgorithms.

## THE PARTIES

2.      La Canada is a California corporation having a principal place of business at 448 N. San Mateo Drive, San Mateo, California 94401.

3.      Upon information and belief, MDalgorithms is a Delaware corporation with headquarters at 22 Shlomzion Hamalka Street, Herzlya, Israel 4662 and a regular and established place of business in San Francisco, California.

## JURISDICTION AND VENUE

4.      The Court has original jurisdiction over this action pursuant to 15 U.S.C. § 1131 and 28 U.S.C. §§ 1331 and 1338, supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, and original jurisdiction over the declaratory judgment claims pursuant to 28 U.S.C. § 2201, *et seq.*

5.      This Court has personal jurisdiction over MDalgorithms because it regularly conducts business in this district, the causes of action arise out of business conducted in this district and, upon information and belief, has a regular and established place of business in this district.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because MDalgorithms is a corporation that is subject to personal jurisdiction in this district and because a substantial portion of the acts giving rise to the causes of action asserted herein arose from acts and occurrences within this district.

## LA CANADA AND ITS MARKS

7.      La Canada offers high quality health and beauty products and has done so since at least as early as 2006.  La Canada offers its products through retail outlets and online though its website and through third party platforms, such as Amazon.  La Canada's products are sold throughout the United States and also internationally.

8.     La Canada offers its products under its established MD brand which consists of a family of marks consisting of the standalone term "MD" (the "MD Mark") and composite marks based on the root MD in combination with other terms (the "MD Formative Marks").

9.     The MD Mark is registered to La Canada with the U.S. Patent and Trademark Office ("USPTO") as U.S. Reg. 4,471,494 for "cosmetics; hair shampoos and conditioners; non-medicated acne treatment preparations; non-medicated toiletries" in Class 3 and "acne treatment preparations; nutraceuticals for the treatment of hair loss; nutraceuticals for use as a dietary supplement" in Class 5 based on a first use of at least as early as January 1, 2012.  As a result of its long-term use, the MD Mark has achieved incontestable status pursuant to 15 U.S.C. § 1065.

10.     Multiple MD Formative Marks are also registered to La Canada with the U.S. Patent and Trademark Office, including: MD 101, U.S. Reg. 3,459,245; MD LASH FACTOR, U.S. Reg. 3,432,209; MD INTIMATE RESTORE, U.S. Reg. 4,603,019; MD BY SUSAN F. LIN M.D., U.S. Reg. 5,860,508; MD INTIMATE FRESH, U.S. Reg. 6,027,099; MD WELLNESS BY SUSAN LIN M.D., U.S. Reg. 6,251,811; and MD FACTOR, U.S. Reg. 6,309,386.  The MD Formative Marks have been used since at least as early as August 1, 2007 and, like the registered MD Mark, two MD Formative Marks have achieved incontestable status.

11.     La Canada has also adopted and used other MD Formative Marks that consist of the MD Mark combined with another term or terms pertaining to the particular application of the product, including MD® Skin, MD® Nutri Hair and MD® Wellness.  La Canada has offered its products in commerce using these additional MD Formative Marks since at least as early as 2006 (MD® Skin), 2009 (MD® Nutri Hair) and 2018 (MD® Wellness), respectively.

12.     As a result of this long term and continuous use, MD has come to be associated with La Canada in the minds of consumers as a source of high quality health

1    and beauty products.

2         13.    La Canada has developed substantial and valuable good will in its MD

3    and MD Formative Marks.

4              **MDALGORITHMS AND ITS INFRINGING ACTIVITY**

5         14.    Approximately three and a half years after La Canada began using an MD

6    Formative Mark, MDalgorithms began offering a treatment system that purportedly

7    includes computer software and app technology to diagnose and prescribe a treatment

8    for MDalgorithms' clients.

9         15.    Consistent with that use, MDalgorithms registered "MDAcne" with the

10   USPTO as U.S. Reg. 4,946,004 for "computer software and downloadable computer

11   software for education and advice in the field of the care and treatment of skin

12   disorders, namely, acne" in Class 9, and "providing a website featuring information

13   and advice in the field of the diagnosis and treatment of acne" in Class 41.  The

14   "MDAcne" application was filed more than 8½ years after La Canada adopted and

15   began using its MD Formative Marks and claims a date of first use of May 16, 2010,

16   at least 3-4 years after La Canada adopted and began using its MD Formative Marks.

17        16.    MDalgorithms also registered as U.S. Reg. 5,519,511 "MDacne" for

18   "medicated skin treatment and cleansing creams" in Class 5 based on first use

19   beginning December 1, 2017, almost 6 years after La Canada adopted and began using

20   its MD Mark.  Consistent with its other registrations at that point, the specimen that

21   MDalgorithms submitted to obtain registration showed that MDalgorithms was

22   offering a product that was purportedly customized for each individual client.

23        17.    Similarly, MDalgorithms registered "MDHair" as U.S. Reg. 6,617,014 for

24   "providing temporary use of on-line non-downloadable computer software for

25   education and advice in the field of the care and treatment of skin and hair" in Class 42

26   based on a claimed first use of September 13, 2010, which was after La Canada adopted

27   and began using MD® Nutri Hair.  The USPTO found "MDHair" to be descriptive and

28

only allowed registration on the Supplemental Register.

18.     MDalgorithms then filed an intent-to-use application to register "MDSkin" for "downloadable mobile software for use in analyzing a users skin and preparing a personalized treatment plan" in Class 9.  In its June 24, 2021 response dated to the USPTO's refusal of the application, MDalgorithms cited La Canada's registered MD Mark.

19.     According to MDalgorithms, the consuming public has come to recognize MDalgorithms as a source of the computerized analysis system offered under the "MDacne" and "MDHair" marks.

20.     Recently, MDalgorithms has expanded beyond the software-based systems for which it claims it has consumer recognition.  MDalgorithms registered the mark "MDacne," which it originally registered and used in connection with its computer-based diagnosis products, for "non-medicated skincare preparations" in Class 3.  MDalgorithms first used the mark in connection with health and beauty products on November 21, 2021 with full knowledge of La Canada's existing use (as shown, *e.g.,* by its knowledge of La Canada's MD Mark registration) and, as shown in the MD Mark registration, almost 11 years after La Canada first used its mark for similar goods.  The specimen submitted by MDalgorithms contains no indication that the product is in any way customized for individual customers.

21.     MDalgorithms' purported marks incorporate La Canada's registered MD Mark in its entirety.  Moreover, MDalgorithms' purported marks use the same structure as La Canada' MD Formative Marks, namely, the term "MD" followed by another word or phrase.

22.     MDalgorithms has admitted that "MD" is commonly understood to mean "Doctor of Medicine."  A basic function of a Doctor of Medicine is to diagnose and suggest a treatment.  "MD" as used in the context of MDalgorithms customized products based on an individualized analysis and treatment is therefore merely

descriptive.

23.    MDalgorithms combines the descriptive MD component with another term that describes the condition to be treated, *e.g.*, acne or hair, in a manner that renders the mark as a whole descriptive when used in the context of health and beauty products.   Because La Canada was first to use its MD Formative Marks, MDalgorithms' descriptive marks could not have acquired secondary meaning prior to La Canada's adoption and use of its marks.

24.    The MDalgorithms' marks are similar in sight, sound and commercial connotation to La Canada's MD Formative Marks and are being offered in connection with products that directly compete with those offered by La Canada.

25.    Shortly after MDalgorithms began using its MD-based marks for products that directly compete with those offered by La Canada, La Canada began receiving complaints about products, *e.g.*, "MD Hair," offered by MDalgorithms.

26.    MDalgorithms' actions have therefore created actual consumer confusion which, unless enjoined, is likely to continue and which will harm La Canada, including diverting sales and eroding the valuable goodwill La Canada has developed in its MD brand.

### MDALGORITHMS' WILLFUL DISREGARD OF ACTUAL CONFUSION

27.    Promptly after receiving the initial indications of actual confusion from MDalgorithms' customers, La Canada sent a letter to MDalgorithms in which the actual confusion was brought to MDalgorithms' attention and in which La Canada requested that MDalgorithms cease its infringing activity.   MDalgorithms responded to La Canada's letter but refused to cease use of the infringing marks.

28.    La Canada continued to experience actual confusion.  It therefore reported the infringement to Amazon.com and Apple pursuant to their respective policies because MDalgorithms was selling infringing products through Amazon and its app distributed through the Apple App Store.

29.     In a subsequent letter, MDalgorithms responded with assertions that La Canada's reporting of the confusion caused by MDalgorithms' marks was false because MDalgorithms' product purportedly incorporates a treatment system, while La Canada offers ordinary retail cosmetics.

30.     The MDalgorithms' products, however, were also being sold as ordinary retail cosmetics without indication of an associated "treatment system." MDalgorithms nevertheless asserted that La Canada' actions were unlawful.

31.     MDalgorithms then listed a series of demands for which it demanded compliance within days after the letter was received and stated that unless La Canada acquiesced to the demands, despite the actual confusion, MDalgorithms would sue La Canada for various tortious acts, including defamation, false light, tortious interference, and unfair business practices, and seek monetary and injunctive relief.

### COUNT I – FEDERAL TRADEMARK INFRINGEMENT

32.     La Canada hereby restates and incorporates the factual allegations in Paragraphs 1-31 above as if set forth fully herein.

33.     La Canada is the owner of the mark MD and multiple MD Formative Marks which it has used in commerce continuously since at least as early as 2006.

34.     La Canada's marks are the subject of multiple federal registrations, including U.S. Reg. 4,471,494, U.S. Reg. 3,459,245, U.S. Reg. 3,432,209, U.S. Reg. 4,603,019, U.S. Reg. 5,860,508, U.S. Reg. 6,027,099, U.S. Reg. 6,251,811, and U.S. Reg. 6,309,386.  The La Canada registrations are valid and subsisting.

35.     At least four of La Canada's federal registrations, including U.S. Reg. 4,471,494, are incontestable pursuant to 15 U.S.C. § 1065, which is conclusive evidence under 15 U.S.C. § 1115 of the validity of La Canada's marks covered by the incontestable registrations, including the MD Mark, La Canada's ownership of the marks, and La Canada's exclusive rights to use the registered marks for the goods and services that are the subject of the registrations.

36.     La Canada has priority over MDalgorithms to use MD as the sole or substantial portion of a mark for health and beauty products.

37.     La Canada has developed substantial goodwill and consumer recognition in its MD brand, including the MD Mark and the MD Formative Marks, based on its long-term and continuous use over almost 16 years.

38.     MDalgorithms has adopted and is using MD marks, including "MD Acne" and "MD Hair" in commerce regarding the sale of health and beauty products in direct competition with La Canada.  MDalgorithms' marks are confusingly similar to those of La Canada in sight, sound and commercial connotation.

39.     MDalgorithms offers, sells and distributes health and beauty products under the infringing MD marks to the same or substantially similar class of consumers through the same or substantially similar channels of trade as La Canada.

40.     MDalgorithms' adoption and use of MD marks has caused actual confusion and, unless enjoined, is likely to cause continued confusion among customers and potential customers as to the source and quality of goods offered by La Canada.

41.     MDalgorithms' actions therefore constitute infringement of La Canada's rights in its registered MD Mark and/or MD Formative Marks pursuant to 15 U.S.C. §§ 1114, 1125(a).

42.     MDalgorithms' actions have eroded and threaten to further erode the substantial goodwill La Canada has developed in its MD brand.

43.     La Canada has therefore been harmed by MDalgorithms' use of its infringing marks and, unless such use is enjoined, will continue to be harmed.

44.     MDalgorithms' actions have been willful and in disregard of La Canada's rights of which MDalgorithms is and was aware.

45.     La Canada is therefore entitled to an award of damages as well as fees and costs to the fullest extent allowed under the Lanham Act, 15 U.S.C. § 1051 *et seq*., and

1  entry of an order enjoining further infringing acts by MDalgorithms.

2  **COUNT II – UNFAIR COMPETITION**

3  46.   La Canada hereby restates and incorporates the factual allegations in

4  Paragraphs 1-45 above as if set forth fully herein.

5  47.   La Canada is the owner of the mark MD and multiple MD Formative

6  Marks which it has used in commerce continuously since at least as early as 2006.

7  48.   La Canada has priority over MDalgorithms to use MD as the sole or

8  substantial portion of a mark for health and beauty products.

9  49.   La Canada has developed substantial goodwill and consumer recognition

10  in its MD brand, including the MD Mark and the MD Formative Marks, based on its

11  long-term and continuous use over almost 16 years.

12  50.   MDalgorithms has adopted and is using MD marks, including "MD Acne"

13  and "MD Hair" to advertise and sell to consumers health and beauty products in direct

14  competition with La Canada.  MDalgorithms' marks are confusingly similar to those

15  of La Canada in sight, sound and commercial connotation.

16  51.   MDalgorithms offers, sells and distributes health and beauty products

17  under the infringing MD marks to the same or substantially similar class of consumers

18  through the same or substantially similar channels of trade as La Canada.

19  52.   MDalgorithms' adoption and use of MD marks has caused actual

20  confusion and, unless enjoined, is likely to cause continued confusion among

21  customers and potential customers as to the source and quality of goods offered by La

22  Canada.

23  53.   MDalgorithms' actions therefore constitute unfair and deceptive business

24  practices prohibited by California Business & Professions Code § 17200 and at

25  common law.

26  54.   MDalgorithms' actions have eroded and threaten to further erode the

27  substantial goodwill La Canada has developed in its MD brand.

28

55.     La Canada has therefore been harmed by MDalgorithms' use of its infringing marks and, unless such use is enjoined, will continue to be harmed.

56.     MDalgorithms' actions have been willful and in disregard of La Canada's rights of which MDalgorithms is and was aware.

57.     La Canada is therefore entitled to restitutionary relief and entry of an order enjoining further acts of infringement or other unfair competition by MDalgorithms as well as any other relief available under California law.

## COUNT III – CANCELLATION OF REGISTRATION

58.     La Canada hereby restates and incorporates the factual allegations in Paragraphs 1-57 above as if set forth fully herein.

59.     La Canada is the owner of the mark MD and multiple MD Formative Marks which it has used in commerce continuously since at least as early as 2006.

60.     La Canada's marks are the subject of multiple federal registrations, including U.S. Reg. 4,471,494, U.S. Reg. 3,459,245, U.S. Reg. 3,432,209, U.S. Reg. 4,603,019, U.S. Reg. 5,860,508, U.S. Reg. 6,027,099, U.S. Reg. 6,251,811, and U.S. Reg. 6,309,386.  The La Canada registrations are valid and subsisting.

61.     At least four of La Canada's federal registrations, including U.S. Reg. 4,471,494, are incontestable pursuant to 15 U.S.C. § 1065, which is conclusive evidence under 15 U.S.C. § 1115 of the validity of La Canada's marks covered by the incontestable registrations, including the MD Mark, La Canada's ownership of the marks, and La Canada's exclusive rights to use the registered marks for the goods and services that are the subject of the registrations.

62.     La Canada has priority over MDalgorithms to use MD as the sole or substantial portion of a mark for health and beauty products.

63.     La Canada has developed substantial goodwill and consumer recognition in its MD brand, including the MD Mark and the MD Formative Marks, based on its long-term and continuous use over almost 17 years.

64.    U.S. Reg. 6,668,393 for the mark "MDacne" issued to MDalgorithms on March 8, 2022.  MDalgorithms is using "MDacne" in commerce regarding the sale of health and beauty products in direct competition with La Canada.

65.    MDalgorithms offers, sells and distributes health and beauty products under the infringing MD marks to the same or substantially similar class of consumers through the same or substantially similar channels of trade as La Canada.

66.    MDalgorithms' adoption and use of "MDacne" has caused actual confusion and is likely to cause continued confusion among customers and potential customers as to the source and quality of goods offered by La Canada.

67.    MDalgorithms' actions therefore constitute infringement of La Canada's rights in its registered MD Mark and/or MD Formative Marks.

68.    Unless the "MDacne" registration is cancelled, MDalgorithms will have a presumptive right to continue to use the mark in commerce, which will result if further consumer confusion.

69.    La Canada therefore requests an order that the USPTO cancel MDalgorithms' U.S. Reg. 6,668,393 for the mark "MDacne" pursuant to 15 U.S.C. §§ 1064 and 1119.

## COUNT IV – DECLARATION THAT LA CANADA'S CONDUCT IS LAWFUL

70.    La Canada hereby restates and incorporates the factual allegations in Paragraphs 1-69 above as if set forth fully herein.

71.    There is a real and immediate justiciable controversy between La Canada and MDalgorithms regarding rights to use and enforce marks consisting of MD as a sole or substantial component for health and beauty products.

72.    Actual confusion has occurred as a result of MDalgorithms' adoption and use of MD marks in connection with health and beauty products.  La Canada reported this actual confusion to online platforms, including Amazon and Apple, pursuant to the

processes and procedures provided by those platforms.

73.     MDalgorithms has expressly accused La Canada of acting illegally in reporting the actual confusion and expressly threatened to bring suit in which it will allege various theories of improper business conduct and seek damages and an injunction.

74.     La Canada's actions were legitimate acts as an owner of numerous registrations of MD marks for use in connection with health and beauty products, which La Canada began offering under the marks years prior to MDalgorithms.

75.     La Canada is therefore entitled to a declaration pursuant to 28 U.S.C. § 2201 *et seq*. that it has not acted in any unfair or unlawful manner.

## COUNT V – FALSE ADVERTISING IN VIOLATION OF FEDERAL LAW

76.     La Canada hereby restates and incorporates the factual allegations in Paragraphs 1-75 above as if set forth fully herein.

77.     As indicated by MDalgorithms' statements made under oath in its filings with the U.S. Patent and Trademark Office, MDalgorithms offers its products under its marks, including MDacne and MDhair, in interstate commerce.   Furthermore, MDalgorithms maintains websites, including mdacne.com and mdhair.co, through which it offers its products in interstate commerce via the internet.

78.     In advertising its products offered under the MDacne and MDhair marks, MDalgorithms makes specific statements of fact about those products, including statements made on its mdacne.com and mdhair.co websites.

79.     MDalgorithms claims that its products are "customized" treatments based on customer input from an app or questionnaire on an MDalgorithms' website.   A "customized" product is then recommended based on the customer input regarding variables such as age, skin type, acne severity, sensitivity, and prior history.   Upon information and belief, however, the same products are recommended when the information for the variables is changed.   As a result, the same product is recommended

regardless of the information that is input.  The advertising of the product as "customized" is intended to induce customers to purchase standard formulations that MDalgorithms sells regardless of the specific skin or hair condition reported by the customer.

80.  MDalgorithms claims that the purchase of its products includes "unlimited dermatologist support."  Upon information and belief, MDalgorithms does not employ medical doctors who are licensed in the U.S.  Moreover, in a separate terms and conditions statement, MDalgorithms includes the disclaimer that "no professional advice" is given.  The statement of "unlimited dermatologist support" is intentionally conspicuous to the consumers while the statement that no professional medical advice is being provided is buried in the website terms and conditions and thus intentionally inconspicuous.  The advertising of purported "unlimited dermatologist support" is therefore intended to induce customers to purchase MDalgorithms' products based on the mistaken belief that the purchase includes a service of the type and quality that is not being provided.

81.  MDalgorithms claims that its MDacne products are "FDA approved."  Upon information and belief, MDalgorithms has received no FDA approval for any of its products nor has it submitted its products to the FDA with a request for approval.  The advertising of the product as "FDA approved" is intended to induce customers to purchase the MDacne products based on a reliance on the proven efficacy of the product.

82.  MDalgorithms offers the first purchase of its products for free or at a greatly reduced price.  MDalgorithms does not, however, adequately disclose that by accepting the offer, the customer, upon shipment by MDalgorithms, is being signed up for repeated shipments (at an increased price) over an indefinite period of time that can aggregate to hundreds of dollars for a product that cannot be returned.  The charge is automatically deducted from the customer's credit card account and in a separate terms

and conditions statement that is not readily evident to consumers, MDalgorithms states that the product cannot be returned because it is a medicated product.  MDalgorithms' practices have resulted in multiple customer complaints, including those that were erroneously directed to La Canada.  MDalgorithms is aware of the complaints but has done nothing to address its misleading practices.

83.     MDalgorithms' factual statements in its advertising of its products are false and misleading.

84.     MDalgorithms' false and misleading statements of fact have deceived, and have a tendency to and are likely to continue to deceive, a substantial portion of reasonable consumers and potential consumers for treatments of issues related to acne, skin, lashes and hair.  Customers on independent review sites have made statements such as "no hair treatments they will send will help you and they will steal your money," "[they] just want to take your money," "[i]t's a scam," "I researched the company and found out that every single person that speaks good about them is a person who they paid to do the review to scam people," and "they don't actually tailor it to you."  *See* Ex. 1, excerpt of MDhair Reviews | Read Customer Service Reviews of mdhair.co (trustpilot.com) (last accessed July 28, 2023); Ex. 2, excerpt of MDacne Reviews | Read Customer Service Reviews of www.mdacne.com (trustpilot.com) (last accessed July 28, 2023).

85.     La Canada has also received complaints from purchasers of MDalgorithms' MDhair products who contact La Canada about those products.  More recently, these purchasers have accused La Canada of defrauding them through unauthorized charges to their credit cards.  The purchasers are mistakenly impugning La Canada with MDalgorithms' false and misleading acts, including those mentioned on the review sites.

86.     As shown by the review site statements, MDalgorithms' false statements of fact about its products have influenced and are likely to influence the purchasing

1   decision of customers.  The false statements are therefore material.

2          87.    MDalgorithms caused the false statements of fact identified above to enter

3   interstate commerce by, *inter alia*, including them on its mdacne.com and mdhair.co

4   websites.

5          88.    La Canada directly competes with MDalgorithms regarding the sale of

6   products for treatment of skin, hair and lashes.  As a direct and proximate cause of

7   MDalgorithms' false and misleading statements of fact in its advertising, La Canada

8   has been harmed and is likely to be continued to be harmed as a result of the diversion

9   of sales and/or the lessening of the goodwill which La Canada's products sold under

10  its MD-Formative marks enjoyed with the consuming public.

11         89.    MDalgorithms' above-described actions and conduct therefore constitute

12  false advertising under 15 U.S.C. § 1125.

13         90.    La Canada is therefore entitled to an award of damages as well as fees and

14  costs to the fullest extent allowed under federal law, and entry of an order enjoining

15  further acts of false advertising by MDalgorithms.

16  **COUNT VI – FALSE ADVERTISING IN VIOLATION OF CALIFORNIA**

17                                      **STATE LAW**

18         91.    La Canada hereby restates and incorporates the factual allegations in

19  Paragraphs 1-90 above as if set forth fully herein.

20         92.    As indicated by MDalgorithms' statements made under oath in its filings

21  with the U.S. Patent and Trademark Office, MDalgorithms offers its products under its

22  marks, including MDacne and MDhair, in interstate commerce, including throughout

23  California.  Furthermore, MDalgorithms maintains websites, including mdacne.com

24  and mdhair.co, through which it offers its products in interstate commerce, including

25  throughout California, via the internet.

26         93.    In advertising its products offered under the MDacne and MDhair marks,

27  MDalgorithms makes specific statements of fact about those products, including

28

statements made on its mdacne.com and mdhair.co websites.

94.    MDalgorithms claims that its products are "customized" treatments based on customer input from an app or questionnaire on an MDalgorithms' website. A "customized" product is then recommended based on the customer input regarding variables such as age, skin type, acne severity, sensitivity, and prior history.  Upon information and belief, however, the same products are recommended when the information for the variables is changed.  As a result, the same product is recommended regardless of the information that is input.   The advertising of the product as "customized" is intended to induce customers to purchase standard formulations that MDalgorithms sells regardless of the specific skin or hair condition reported by the customer.

95.    MDalgorithms claims that the purchase of its products includes "unlimited dermatologist support."  Upon information and belief, MDalgorithms does not employ medical doctors who are licensed in the U.S.  Moreover, in a separate terms and conditions statement, MDalgorithms includes the disclaimer that "no professional advice" is given.  The statement of "unlimited dermatologist support" is intentionally conspicuous to the consumers while the statement that no professional medical advice is being provided is buried in the website terms and conditions and thus intentionally inconspicuous.   The advertising of purported "unlimited dermatologist support" is therefore intended to induce customers to purchase MDalgorithms' products based on the mistaken belief that the purchase includes a service of the type and quality that is not being provided.

96.    MDalgorithms claims that its MDacne products are "FDA approved." Upon information and belief, MDalgorithms has received no FDA approval for any of its products nor has it submitted its products to the FDA with a request for approval. The advertising of the product as "FDA approved" is intended to induce customers to purchase the MDacne products based on a reliance on the proven efficacy of the

product.

97.    MDalgorithms offers the first purchase of its products for free or at a greatly reduced price.  MDalgorithms does not, however, adequately disclose that by accepting the offer, the customer, upon shipment by MDalgorithms, is being signed up for repeated shipments (at an increased price) over an indefinite period of time that can aggregate to hundreds of dollars for a product that cannot be returned.  The charge is automatically deducted from the customer's credit card account and in a separate terms and conditions statement that is not readily evident to consumers, MDalgorithms states that the product cannot be returned because it is a medicated product.  MDalgorithms' practices have resulted in multiple customer complaints, including those that were erroneously directed to La Canada.  MDalgorithms is aware of the complaints but has done nothing to address its misleading practices.

98.    MDalgorithms' factual statements in its advertising of its products are false and misleading.

99.    MDalgorithms' false and misleading statements of fact have deceived, and have a tendency to and are likely to continue to deceive, a substantial portion of reasonable consumers and potential consumers for treatments of issues related to acne, skin, lashes and hair.  Customers on independent review sites have made statements such as "no hair treatments they will send will help you and they will steal your money," "[they] just want to take your money," "[i]t's a scam," "I researched the company and found out that every single person that speaks good about them is a person who they paid to do the review to scam people," and "they don't actually tailor it to you."  *See* Ex. 1, excerpt of MDhair Reviews | Read Customer Service Reviews of mdhair.co (trustpilot.com) (last accessed July 28, 2023); Ex. 2, excerpt of MDacne Reviews | Read Customer Service Reviews of www.mdacne.com (trustpilot.com) (last accessed July 28, 2023).

100. La Canada has also received complaints from purchasers of

MDalgorithms' MDhair products who contact La Canada about those products.  More recently, these purchasers have accused La Canada of defrauding them through unauthorized charges to their credit cards.  The purchasers are mistakenly impugning La Canada with MDalgorithms' false and misleading acts, including those mentioned on the review sites.

101.   As shown by the review site statements, MDalgorithms' false statements of fact about its products have influenced and are likely to influence the purchasing decision of customers.  The false statements are therefore material.

102.   MDalgorithms caused the false statements of fact identified above to enter interstate commerce, including throughout California, by, *inter alia*, including them on its mdacne.com and mdhair.co websites.

103.   La Canada directly competes with MDalgorithms regarding the sale of products for treatment of skin, hair and lashes.  As a direct and proximate cause of MDalgorithms' false and misleading statements of fact in its advertising, La Canada has been harmed and is likely to be continued to be harmed as a result of the diversion of sales and/or the lessening of the goodwill which La Canada's products sold under its MD-Formative marks enjoyed with the consuming public.

104.   In addition, MDalgorithms' above-described acts regarding the automatic renewal of subscriptions to its products violate California Business and Professional Code § 17602 because, *inter alia*, MDalgorithms does not adequately disclose that the consumer is consenting to automatic charging of the consumer's credit card, fails to provide adequate information about or opportunity for cancellation of the subscription, and fails to provide adequate contact information (as shown by MDalgorithms' customers contacting La Canada regarding MDalgorithms' products).

105.   MDalgorithms' actions therefore constitute false advertising in violation of California Business & Professions Code § 17200, *et seq*. and § 17500, *et seq*.

106.   MDalgorithms' actions have been willful and in disregard of the harm it

1    is causing and has caused to La Canada and the consuming public.

2        107.   La Canada is therefore entitled to restitutionary relief and entry of an order

3    enjoining further acts of false advertising by MDalgorithms as well as any other relief

4    available under California law.

5                              **PRAYER FOR RELIEF**

6        WHEREFORE, Plaintiff La Canada Ventures, Inc. respectfully requests that the

7    Court enter judgment in its favor and against defendant MDalgorithms, Inc. as follows:

8        A. Adjudging that MDalgorithms, Inc.'s use of "MD" as a portion of a mark for

9            health and beauty products infringes La Canada Ventures, Inc.'s rights in its

10           family of MD Formative Marks, including the registered MD Mark;

11       B. Preliminarily and permanently enjoining MDalgorithms, Inc. from using

12           "MD" or any colorable imitation thereof in a manner that is confusingly

13           similar to La Canada Ventures, Inc.'s MD marks;

14       C. Adjudging that MDalgorithms, Inc.'s false and misleading statement of fact

15           in its advertising of the MDacne and MDhair products constitutes false

16           advertising;

17       D. Preliminarily and permanently enjoining MDalgorithms, Inc. from making

18           false and misleading statements of fact about the nature and quality of its

19           MDacne and MDhair products in the advertising of those products.

20       E. Preliminarily and permanently enjoining MDalgorithms, Inc. from further

21           violations of the laws governing the automatic renewal of shipments of or

22           subscription to MDalgorithms' products and services, including Cal. Bus. &

23           Prof. Code § 17602.

24       F. Awarding monetary damages in an amount to be proven at trial;

25       G. Adjudging and declaring MDalgorithms, Inc.'s infringement and/or false

26           advertising to be willful;

27       H. Awarding restitutionary relief for MDalgorithms, Inc.'s violations under

28

1    California law;

2    I.  Enhancing the monetary damages award up to three times pursuant to 15

3        U.S.C. § 1117(a)-(b);

4    J.  Awarding La Canada Ventures, Inc. its attorney's fees and costs;

5    K.  Entering an order that MDalgorithms, Inc.'s U.S. Reg. 6,668,393 is to be

6        cancelled by the U.S. Patent and Trademark Office;

7    L.  Adjudging and declaring that La Canada Ventures, Inc.'s actions have been

8        lawful and have not violated any right of MDalgorithms, Inc.; and

9    M. Awarding such other and further relief as the Court deems proper.

10

11                              **JURY TRIAL DEMANDED**

12       Plaintiff La Canada Ventures, Inc. hereby requests a trial by jury for all issues

13   so triable.

14

15   DATED:  August 23, 2023          Respectfully Submitted,

16

17                                    By: */s/ Cecil E. Key*

18                                       Andrew S. Dallmann
                                         MCCARTNEY DALLMANN LLP
19
                                         Cecil E. Key
20                                       KEY IP LAW GROUP, PLLC

21                                       Attorneys for Plaintiff
                                         LA CANADA VENTURES, INC.
22

23

24

25

26

27

28

- 20 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2023, I electronically transmitted the foregoing document using the CM/ECF system for filing, which will transmit the document electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies have been served on those indicated as non-registered participants.  a true and correct copy of the foregoing document was served via email to the counsel of record for Defendant at the following addresses:

*/s/ Cecil E. Key*
Cecil E. Key
