1
2
3
4
5
6                      UNITED STATES DISTRICT COURT
7                    NORTHERN DISTRICT OF CALIFORNIA
8
9    LA CANADA VENTURES, INC.,
                                              Case No.  22-cv-07197-RS
10                    Plaintiff,
11            v.                              **ORDER DENYING MOTION FOR
                                              ENTRY OF PARTIAL FINAL
12   MDALGORITHMS, INC.,                      JUDGMENT AND A STAY PENDING
                                              APPEAL**
13                    Defendant.
14                              **I. INTRODUCTION**

15          Plaintiff La Canada Ventures, Inc. moves for entry of final judgment and a stay.  In the

16   operative complaint, the company averred, among other things, that Defendant MDAlgorithms,

17   Inc. infringed its trademarks through the use of the marks MDacne and MDhair.  Defendant

18   answered with counterclaims averring common law unfair competition and seeking to cancel

19   Plaintiff's registrations for improper filing or being procured through fraud.  A previous order

20   granted Defendant summary judgment on the portions of Plaintiff's claims relating to MDacne.

21   Plaintiff now seeks, pursuant to Federal Rule of Civil Procedure Rule 54(b), to have that judgment

22   certified as final so it can appeal before the rest of the case is decided.  The requisite analysis

23   entails considering whether the summary judgment was final and whether the policy interests

24   against piecemeal appeals, prejudice, and judicial economy weigh against granting the motion.

25          The prior order was not a final judgment.  Even if it were, Defendant prevails due to the

26   general judicial interest in preventing piecemeal appeals.  Permitting Plaintiff to stay the case and

27   appeal the prior judgment will unnecessarily create duplicative litigation, and Plaintiff will not be

28   unduly prejudiced by an appeal in due course.  As explained below, Plaintiff's motion is denied.

United States District Court
Northern District of California

United States District Court
Northern District of California

## II. BACKGROUND

This order assumes the parties' familiarity with the relevant facts, which are discussed briefly below only as they pertain to the instant motion. Plaintiff, a health and beauty retailer dealing in cosmetic products, owns seven trademarks, including one for "MD," among other related registrations. *See La Canada Ventures, Inc. v. MDalgorithms, Inc.*, 2024 WL 3643082, at *1, n.1 (N.D. Cal. 2024). Defendant creates and sells MDacne and MDhair, customizable skincare and haircare product kits. Plaintiff avers that Defendant infringes on its MD and MD-related marks through its use of the marks MDacne and MDhair in marketing its own products. In counterclaims, Defendant avers that Plaintiff's seven registrations should be cancelled as *void ab initio* due to improper or fraudulent filing. Defendant also avers unfair competition, claiming that Plaintiff unlawfully used Defendant's marks for MDhair and MDacne.

More specifically, the operative complaint pled six claims for relief:

- Count I combined federal trademark infringement claims arising from Defendant's use of the marks MDacne and Mdhair;

- Count II combined state unfair competition claims as to those same marks;

- Count III sought cancellation of Defendant's MDacne registration;

- Count IV sought declaratory judgment that Plaintiff's communications about Defendant's marketing practices were lawful; and

- Counts V and VI averred federal and state false advertising claims arising from Defendant's statements about its MDacne and MDhair products.

Defendant responded with eight counterclaims, seven of which sought to cancel Plaintiff's registrations and one which averred common law unfair competition.

Less than a month after Defendant filed the counterclaims, and before any discovery in the case, Plaintiff moved for summary judgment on the question of whether there was a likelihood of confusion with respect to Defendant's MDhair mark and Plaintiff's own MD-related marks. The motion was denied upon the determination that multiple issues of triable facts exist regarding the likelihood of confusion between the parties' marks. *La Canada Ventures, Inc. v. MDalgorithms,*

*Inc.*, No. 22-cv-07197-RS, 2024 WL 40205, at *7 (N.D. Cal. Jan. 3, 2024).

Nearly six months later, Defendant filed a motion for partial summary judgment on Plaintiff's claims as to the MDacne mark. The motion was granted upon a determination that "it cannot be said that Plaintiff has presented a triable issue of material fact that Defendant is infringing on Plaintiff's trademarks by its use of 'MDacne.'" *La Canada Ventures, Inc. v. MDalgorithms, Inc.*, No. 22-cv-07197-RS, 2024 WL 3643082, at *6 (N.D. Cal. Aug. 2, 2024). As a result, judgment was granted for Defendant on Counts I and II, as to the "MDacne" mark, as well as on Count III (seeking cancellation of that mark). *Id.*, at *10. Judgment was also granted as to Counts V and VI (regarding false advertising claims). *Id.*, at *6–7. Count IV (seeking declaratory judgment about Plaintiff's communications) remains, as do Counts I and II inasmuch as they refer to the MDhair mark. *Id.* All of Defendant's counterclaims also remain in the case.

### III. LEGAL STANDARD

Rule 54(b) provides that, "[w]hen an action presents more than one claim for relief . . . the court may direct entry of final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Whether to grant a Rule 54(b) motion is "exclusively within the discretion of the district court," *Dannenberg v. Software Toolworks, Inc.*, 16 F.3d 1073, 1078 (9th Cir. 1994) (internal quotation marks omitted), because only a district court may "determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (citation omitted).

To guide the exercise of this discretionary authority, the Ninth Circuit has instructed district courts that a Rule 54(b) entry of final judgment "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *U.S. v. Lazarenko*, 254 F.R.D. 384, 386 (N.D. Cal. 2008) (citing *Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981)). The analysis has two components. First, the district court must determine that the judgment in question rendered "'an ultimate disposition of an individual claim.'" *Pakootas v. Teck Cominco Metals,*

*Ltd.*, 905 F.3d 565, 574 (9th Cir. 2018) (quoting *Curtiss-Wright Corp.*, 446 U.S. at 7).  "The court then must find that there is no just reason for delaying judgment on this claim."  *Id.*  In making that determination, the court "must take into account judicial administrative interests as well as the equities involved . . . to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'"  *Curtiss-Wright Corp.*, 446 U.S. at 8–9 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)).  The movant bears the burden to demonstrate that the case warrants certification.  *Abdo v. Fitzsimmons*, 2021 WL 3493169, at *3 (N.D. Cal. 2021).

## IV. DISCUSSION

### A.  Finality

Plaintiff contends that granting summary judgment as to the MDacne-related claims amounted to a final judgment.  A decision on a given claim is final if it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action."  *Sears, Roebuck & Co.*, 351 U.S. at 436.  Moreover, "Rule 54(b) claims do not have to be separate from and independent of the remaining claims," *Sheehan v. Atlanta Int'l Ins. Co.*, 812 F.2d 465, 468 (9th Cir. 1987), "so long as resolving the claims would streamline the ensuing litigation."  *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009) (internal quotation marks omitted).  Here, Plaintiff essentially argues that the judgment was final because it foreclosed the claims regarding Defendant's practices in marketing MDacne, notwithstanding its surviving claims about MDhair.

Defendant opposes certification under Rule 54(b), highlighting that many of the same factual and legal disputes relevant to the MDacne claims likewise pertain to the MDhair claims.  Most obviously, Defendant's counterclaims as to the validity of Plaintiff's marks remain viable.  Although overlap with ongoing claims is not a per se reason to deny Rule 54(b) certification, it can nevertheless support the conclusion that a given judgment is not final.  *See Wood v. GCC Bend, LLC*, 422 F.3d 873, 881 n.5 (9th Cir. 2005) (comparing cases where the interrelatedness of given claims did not preclude a finding of final judgment with cases where such interrelatedness *did* preclude such a finding).  *See also Gordon v. Lee*, No. 1:05-cv-2162-JFK, 2007 WL 9701274,

at *2 (N.D. Ga. 2007) (finding partial summary judgment was not final where trademark infringement counterclaims based on the same facts as adjudicated claims remained pending).

At bottom, "the law is unclear on what constitutes a claim for purposes of final judgment." *Wehner v. Genentech, Inc.*, No. 20-cv-6894-RS, 2022 WL 179683, at *1 (N.D. Cal. 2022). *See also id.* at *2–*4 (recounting the "morass" of authorities in this area). If the claims are the "counts" as Plaintiff framed them in the operative complaint, the analysis favors a finding that the judgment as to portions of Counts I and II was not final—"[a]fter all, only a portion of each was dismissed." *Id.* at *3. However, if judgment is final where the adjudicated claim is factually distinct from other claims, Plaintiff "at least comes closer to establishing separate claims," *id.*, given that some facts relevant to MDacne are not relevant as to MDhair. Defendant moving for summary judgment only as to the MDacne aspects of the complaint certainly suggests a distinction exists.

Notwithstanding this distinction, the partial summary judgment at issue does not amount to a final judgment. "The word 'claim' in Rule 54(b) refers to a set of facts giving rise to legal rights in the claimant, not to legal theories of recovery based on those facts." *CMAX, Inc. v. Drewry Photocolor Corp.*, 295 F.2d 695, 697 (9th Cir. 1961). Here, material facts that give rise to any potential legal rights in the claimant (*i.e.*, the validity and means of procuring the asserted registrations) remain disputed by Defendant's surviving counterclaims. In other words, Plaintiff's "legal right to relief stems largely from the same set of facts" as the ongoing claims. *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 629–30 (9th Cir. 2015). Because the judgment is not final, permitting an appeal pursuant to Rule 54(b) is inappropriate. Moreover, even if the judgment were final, the motion is denied due to the existence of just cause for delay, as explained further below.

### B.  Just Reason for Delay

"Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Iglesia Ni Cristo v. Cayabyab*, No. 18-cv-00561-BLF, 2020 WL 3833281, at *7 (N.D. Cal. July 8, 2020) (quoting

United States District Court
Northern District of California

1  *Curtiss-Wright Corp.*, 446 U.S. at 8).  "The Ninth Circuit has indicated that entry of a Rule 54(b)

2  judgment may be inappropriate when such judgment may 'give rise to successive appeals that

3  would turn largely on identical, and interrelated, facts.'"  *Id.* (quoting *Jewel*, 810 F.3d at 630).

4  Here, as explained *supra*, "[t]here is significant overlap between the trademark claims adjudicated

5  in favor of [Defendant], as to which [Plaintiff] wishes to file an immediate appeal, and the

6  trademark claims that remain pending[.]"  *Id.*  Plaintiff concedes as much.  *See* Dkt. No. 99 at 9

7  ("Here, there is substantial overlap—both factual and legal—between the claims disposed of in the

8  Order and the remaining claims for infringement and unfair competition" because "[a]ll of them

9  turn on the issues of likelihood of confusion.")  Granting this Rule 54(b) motion as to the MDacne

10  claims therefore risks the Ninth Circuit evaluating the same facts and legal arguments twice: once

11  as to MDacne and once again as to MDhair.

12       If any doubt remained as to the just cause analysis, Plaintiff's failure to explain why an

13  appeal in due course would cause any prejudice confirms that the motion should be denied.  The

14  only concern seems to be that, if this matter proceeds to trial and the Ninth Circuit subsequently

15  reverses the outcome on appeal, Plaintiff might have to go to trial again.  This specter, however, is

16  always a possibility in Article III courts.  For Defendant, on the other hand, an entry of final

17  judgment and subsequent stay would stymie any progress with its counterclaims, potentially for no

18  good reason (if the Ninth Circuit affirms this court's prior order).  Granting the motion would also

19  subject Defendant to prolonged legal uncertainty regarding its ability to market and sell its

20  products.  On balance, the weight of equities favors Defendant.

### V. CONCLUSION

21       For the above reasons, Plaintiff's motion for entry of final judgment and a stay of the

22  proceedings is denied.  A status conference shall occur on January 16, 2024 at 10:00 am by

23  videoconference.

24

25  **IT IS SO ORDERED**.

26

27

28

Dated: December 2, 2024

_____
RICHARD SEEBORG
Chief United States District Judge