IAN K. BOYD (State Bar No. 191434)
E-Mail:       iboyd@sideman.com
ELLEN V. LEONIDA (State Bar No. 184194)
E-Mail:       *eleonida@sideman.com*
ANDREW M. LEVAD (State Bar No. 313610 )
E-Mail:       alevad@sideman.com
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone:    (415) 392-1960
Facsimile:    (415) 392-0827

Attorneys for Defendant and Counterclaimant
MDALGORITHMS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| LA CANADA VENTURES, INC., <br><br> Plaintiff and Counterdefendant, <br><br> v. <br><br> MDALGORITHMS, INC., <br><br> Defendant and Counterclaimant. | Case No. 22-cv-07197-RS <br><br> **DEFENDANT AND COUNTERCLAIMANT MDALGORITHMS, INC.'S MOTION IN LIMINE NO. 8 TO EXCLUDE EVIDENCE OF PRIOR MILITARY SERVICE** <br><br> Judge:      Hon. Richard Seeborg <br> Location:   Courtroom 3, 17th Floor <br> Date:       February 18, 2026 <br> Time:       10:00 a.m. |

Case No. 22-cv-07197 RS

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

## I.    INTRODUCTION

Evidence of Defendant and Counterclaimant MDalgorithms, Inc's ("MDalgorithms") Co-Founders and Chief Executive Officer, Oded Harth, and Chief Medical Officer, Dr. Yoram Harth's compulsory military service is irrelevant and no reference to the Israel Defense Forces ("IDF") should be permitted at the trial of this trademark infringement action.

*First*, the Harths' military service is not relevant to any claim or defense and is therefore inadmissible pursuant to Federal Rule of Evidence 401.

*Second*, disclosure to the jury of the Harths' former IDF service creates a high risk of severe and undue prejudice to MDalgorithms.  Extreme geopolitical tension persists concerning Israel's military operations within the Gaza strip following the October 7, 2023 terrorist attacks on Israeli citizens and visitors to the region from abroad.  The IDF is Israel's military force, which encompasses its army, and in which every Israeli citizen is generally required to serve.[1]  Both the attacks of Hamas on Israel in October 2023, and the IDF's resulting operations in the Gaza strip, have drawn criticism from the international community, including by way of public protests on a global scale. News media has reported several such protests in the San Francisco Bay Area, the locale from which much of the jury pool in this case will be drawn.

As Israeli citizens, the Harths were required to serve in their country's military.  For example, Oded Harth served as a team leader in a technology unit in the Israeli army from 2012 to 2015.  Because many people possess very strong, negative feelings about the IDF and its actions in the Gaza strip, evidence of or reference to the Harths' past military service in Israel creates an extremely high risk of severe and undue prejudice by creating a false association in the minds of the jury between the Harths and the IDF's military response to the October 7, 2023 terrorist

---

[1] "The State of Israel requires every Israeli citizen over the age of 18 who is Jewish, Druze or Circassian to serve in the Israel Defense Forces (although there are some notable exceptions). Other Israeli Arabs, religious women, married individuals, and those deemed unfit medically or mentally are exempt from compulsory military service … men are expected to serve for a minimum of 32 months and women are expected to serve for a minimum of 24 months." https://www.idf.il/en/mini-sites/our-soldiers/.  Last accessed January 28, 2026.

MDALGORITHMS, INC.'S MOTION IN LIMINE NO. 8
TO EXCLUDE EVIDENCE OF PRIOR MILITARY SERVICE

attacks.  As a result of the foregoing, evidence of, and reference to, the Harths' former IDF military service should be excluded at trial pursuant to Federal Rule of Evidence 403.

## II.    ARGUMENT

### A.    The Harths' Military Service Is Not Relevant To The Claims Or Defenses At Issue

The Harths' military service in Israel is not relevant to any material fact at issue in this trial.  Thus, evidence of and reference to the Harths' military service or the IDF is inadmissible and should be excluded.

"Only relevant evidence is admissible in court." *United States v. Higa*, 21 F.3d 1117 (9th Cir. 1994).  "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Evidence of the Harths' Israeli military service does neither.  This is a trademark infringement case, and there is no conceivable purpose for which the Harths' military service could or should be admissible at trial.  No element of trademark infringement is supported by the fact that someone from MDalgorithms served in the IDF.  *See La Terra Fina USA, LLC v. TerraFina, L.L.C.*, 2017 WL 4284167, at *6 (N.D. Cal. Sept. 27, 2017) (quoting *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1144 (9th Cir. 2011)) ("to prevail on a trademark infringement claim, a plaintiff 'must prove: (1) that it has a protectable ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion'"); *see also*, 15 U.S.C. § 1114.  As a result, the Harths' past Israeli military service is irrelevant and, therefore, inadmissible.  The Court should exclude all evidence of and otherwise bar any reference to the Harths' IDF military service.

### B.    References To Military Service In The Israel Defense Forces Is Highly Prejudicial

Evidence of, or reference to, the Harths' Israeli military service is highly prejudicial against MDalgorithms due to the ongoing extreme geopolitical tension surrounding the state of Israel and its military forces' operations in the Gaza strip.  Those operations have drawn international criticism through protests around the globe, including in the San Francisco Bay Area,

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

MDALGORITHMS, INC.'S MOTION IN LIMINE NO. 8
TO EXCLUDE EVIDENCE OF PRIOR MILITARY SERVICE

from where the jury pool will likely be drawn in this case.[2]  The San Francisco Bay Area has factions that are openly critical of the Israeli military's actions in the Gaza strip.  Some of these individuals may well serve as the source of the jury pool, and evidence of, or reference to, former IDF military service creates an extremely high risk of severe and undue prejudice by creating a false association in the minds of the jury between the Harths and the IDF's military response to the October 7, 2023 terrorist attacks.

Even if the Court concluded that evidence of the Harths' military service was somehow relevant, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  Here, evidence of the Harths' military service has no probative value and is substantially outweighed by the danger of unfair prejudice.

In addition, the nonexistent probative value of the Harths' prior military service is substantially outweighed by the risk of confusing the issues.  This is a trademark infringement case.  The issues concern the parties' marks, which are not in any way remotely connected with the military service of either party's principals.  The introduction of such completely irrelevant evidence would confuse the issues, cause undue delay at trial and waste the time of the parties, the court, and the jury.  Evidence of, and reference to, the Harths' former IDF military service should be excluded at trial pursuant to Federal Rule of Evidence 403.

/ / /

/ / /

/ / /

---

[2] *See e.g.*, "San Francisco demonstrators support Palestinians as Israeli troops pull back" published October 10, 2025 (https://www.nbcbayarea.com/news/local/san-francisco-support-gaza-israeli-troops-leave/3962290/), last accessed January 28, 2026; "Hundreds gather in downtown SF to protest Israel's surprise attack," published March 19, 2025 (https://goldengatexpress.org/110818/news/beyondthebay/citysanfrancisco/hundreds-gather-in-downtown-sf-to-protest-israels-surprise-attack/), last accessed January 28, 2026; "Bay Area Health Care Workers Protest Israel's Attacks on Gaza Hospitals," published January 6, 2025, updated January 29, 2025 (https://www.kqed.org/news/12020400/bay-area-health-care-workers-protest-alleged-targeting-medical-facilities-gaza), last accessed January 28, 2026.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

MDALGORITHMS, INC.'S MOTION IN LIMINE NO. 8
TO EXCLUDE EVIDENCE OF PRIOR MILITARY SERVICE

**III.    CONCLUSION**

For the foregoing reasons, the Court should exclude at trial any evidence of, and any reference to, the Israeli Defense Forces and the Harths' service therein.

DATED:  February 6, 2026                    SIDEMAN & BANCROFT LLP

By:    _____/s/ *Ian K. Boyd*_____
Ian K. Boyd
Ellen V. Leonida
Andrew M. Levad
*Attorneys for Defendant and Counterclaimant*
*MDalgorithms, Inc.*

12157-1\7746602

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

MDALGORITHMS, INC.'S MOTION IN LIMINE NO. 8
TO EXCLUDE EVIDENCE OF PRIOR MILITARY SERVICE